**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE SOSA RAMIREZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE MONGE RAMIREZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE ALVARENGAS URVINA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>SHANGHAI TOKYO CAFE OF DC CORP.<br>d/b/a SHANGHAI TOKYO CAFE<br>1376 Park Road NW<br>Washington, DC 20010<br><br>ZHONG JIE CHEN<br>a/k/a JOE CHEN<br>7616 Spring Avenue<br>Fulton, MD 20759<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

1.  Plaintiffs worked in Defendants' D.C. restaurant: Shanghai Tokyo Cafe. Defendants paid Plaintiffs flat, semimonthly salaries that denied them minimum and overtime wages. Moreover, Defendants did not pay Plaintiffs Monge Ramirez and Alvarengas Urvina anything for some of their hours worked.

2.  Plaintiffs bring this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**Parties**

5. Plaintiff Jose Sosa Ramirez is an adult resident of the District of Columbia.

6. Plaintiff Jose Monge Ramirez is an adult resident of the District of Columbia.

7. Plaintiff Jose Alvarengas Urvina is an adult resident of the District of Columbia.

8. Defendant Shanghai Tokyo Cafe of DC Corp. is a District of Columbia corporate entity. It does business as "Shanghai Tokyo Cafe." Its principal place of business is located at 1376 Park Road NW, Washington, DC 20010. Its resident agent for service of process is Shang Wang, 929 Florida Avenue NW, Apartment #8007, Washington, DC 20001.

9. Defendant Zhong Jie Chen is an adult resident of Maryland. He is also known as Joe Chen. He resides at 7616 Spring Avenue, Fulton, MD 20759. He is an owner of Defendant Shanghai Tokyo Cafe of DC Corp. He exercises control over operations of Defendant Shanghai Tokyo Cafe of DC Corp. — including its pay practices.

**Factual Allegations**

10. Defendants own and operate Shanghai Tokyo Cafe, a restaurant located at 1376 Park Road NW, Washington, DC 20010.

11. Plaintiffs worked at Shanghai Tokyo Cafe as kitchen hands.

12. Plaintiffs job duties at Shanghai Tokyo Cafe primarily consisted of washing dishes, cutting vegetables and meats, preparing food, cooking, and cleaning.

13. Defendant Chen personally hired Plaintiffs.

14. At all relevant times, Defendant Chen supervised Plaintiffs.

15. At all relevant times, Defendant Chen set Plaintiffs' schedules.

16. At all relevant times, Defendant Chen set Plaintiffs' rates of pay.

17. At all relevant times, Defendant Chen tendered Plaintiffs their pay.

18. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

19. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

20. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

21. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

22. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

23. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the D.C. minimum wage.

24. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

25. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

26. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## Plaintiff Sosa Ramirez

27. Plaintiff Sosa Ramirez worked at Shanghai Tokyo Cafe from approximately November 1, 2015 through approximately October 15, 2017.

28. Initially, from November 1, 2015 through approximately December 31, 2015, Plaintiff Sosa Ramirez worked irregularly and part-time. During these two months, Plaintiff Sosa Ramirez was paid approximately $10.50 per hour.

29. However, starting on approximately January 1, 2016, Plaintiff Sosa Ramirez typically and customarily worked 6 days a week.

30. From approximately January 1, 2016 through approximately June 30, 2016, Plaintiff Sosa Ramirez typically and customarily worked 58 hours a week.

31. From approximately January 1, 2016 through approximately June 30, 2016, Plaintiff Sosa Ramirez typically and customarily worked the following schedule:

|           | **Start Time** | **End Time** | **Hours Worked** |
|-----------|----------------|--------------|------------------|
| Sunday    | 1:00 PM        | 10:30 PM     | 9.5              |
| Monday    | 1:00 PM        | 10:30 PM     | 9.5              |
| Tuesday   | 1:00 PM        | 10:30 PM     | 9.5              |
| Wednesday | 1:00 PM        | 10:30 PM     | 9.5              |
| Thursday  | Off            |              |                  |
| Friday    | 1:00 PM        | 11:00 PM     | 10.0             |
| Saturday  | 1:00 PM        | 11:00 PM     | 10.0             |
|           |                |              | **Total: 58 Hours** |

32. Subsequently, from approximately July 1, 2016 through approximately June 30, 2017, Plaintiff Sosa Ramirez typically and customarily worked 67 hours a week.

33. From approximately July 1, 2016 through approximately June 30, 2017, Plaintiff Sosa Ramirez typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Hours Worked** |
|---|---|---|---|
| Sunday | 11:30 AM | 10:30 PM | 11.0 |
| Monday | 11:30 AM | 10:30 PM | 11.0 |
| Tuesday | 11:30 AM | 10:30 PM | 11.0 |
| Wednesday | 11:30 AM | 10:30 PM | 11.0 |
| Thursday | Off | | |
| Friday | 11:30 AM | 11:00 PM | 11.5 |
| Saturday | 11:30 AM | 11:00 PM | 11.5 |
|  |  |  | **Total: 67 Hours** |

34. Finally, from approximately July 1, 2017 through approximately October 15, 2017, Plaintiff Sosa Ramirez typically and customarily worked 70 hours a week.

35. From approximately July 1, 2017 through approximately October 15, 2017, Plaintiff Sosa Ramirez typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Hours Worked** |
|---|---|---|---|
| Sunday | 11:00 AM | 10:30 PM | 11.5 |
| Monday | 11:00 AM | 10:30 PM | 11.5 |
| Tuesday | 11:00 AM | 10:30 PM | 11.5 |
| Wednesday | 11:00 AM | 10:30 PM | 11.5 |
| Thursday | Off | | |
| Friday | 11:00 AM | 11:00 PM | 12.0 |
| Saturday | 11:00 AM | 11:00 PM | 12.0 |
|  |  |  | **Total: 70 Hours** |

36. Starting on approximately January 1, 2016, Defendants paid Plaintiff Sosa Ramirez a semimonthly salary.

5

37. Defendants paid Plaintiff Sosa Ramirez the following semimonthly salaries:

| Approximate Dates | Semimonthly Salaries | Effective Hourly Rates |
|---|---|---|
| Jan. 01 – Jun. 30, 2016 | $1,200.00 | $9.55 |
| Jul. 01 – Aug. 31, 2016 | $1,250.00 | $8.61 |
| Sept. 01 – Oct. 31, 2016 | $1,275.00 | $8.78 |
| Nov. 01 – Dec. 31, 2016 | $1,300.00 | $8.95 |
| Jan. 01 – Feb. 28, 2017 | $1,325.00 | $9.13 |
| Mar. 01 – Apr. 30, 2017 | $1,350.00 | $9.30 |
| May 01 – Jun. 30, 2017 | $1,400.00 | $9.64 |
| Jul. 01 – Oct. 15, 2017 | $1,425.00 | $9.39 |

38. From approximately January 1, 2016 through October 15, 2017, Defendants paid Plaintiff Sosa Ramirez partly in cash and partly by check.

39. From approximately January 1, 2016 through approximately October 15, 2017, Plaintiff Sosa Ramirez worked more than 40 hours per workweek for Defendants.

40. Defendants paid Plaintiff Sosa Ramirez the same effective hourly rate across all hours worked.

41. Defendants did not pay Plaintiff Sosa Ramirez overtime wages — or one and one-half times Plaintiff Sosa Ramirez's regular hourly rate for hours worked in excess of 40 in a workweek.

42. In addition to not paying overtime wages, Defendants did not pay Plaintiff Sosa Ramirez the D.C. minimum wage from January 1, 2016 through October 15, 2017.

43. Defendants owe Plaintiff Sosa Ramirez approximately $26,828.73 in minimum and overtime wages (excluding liquidated damages).

## Plaintiff Monge Ramirez

44. Plaintiff Monge Ramirez worked at Shanghai Tokyo Cafe from approximately August 4, 2017 through approximately October 16, 2017.

45. Plaintiff Monge Ramirez typically and customarily worked 6 days per week.

46. Plaintiff Monge Ramirez typically and customarily worked 70 hours per week.

47. Plaintiff Monge Ramirez typically and customarily worked the following schedule:

|           | Start Time | End Time  | Hours Worked |
|-----------|------------|-----------|--------------|
| Sunday    | 11:00 AM   | 10:30 PM  | 11.5         |
| Monday    | 11:00 AM   | 10:30 PM  | 11.5         |
| Tuesday   | 11:00 AM   | 10:30 PM  | 11.5         |
| Wednesday | Off        |           |              |
| Thursday  | 11:00 AM   | 10:30 PM  | 11.5         |
| Friday    | 11:00 AM   | 11:00 PM  | 12.0         |
| Saturday  | 11:00 AM   | 11:00 PM  | 12.0         |
|           |            |           | **Total: 70 Hours** |

48. At all relevant times, Defendants paid Plaintiff Monge Ramirez a semimonthly salary.

49. Defendants paid Plaintiff Monge Ramirez the following semimonthly salaries:

| Approximate Dates       | Semimonthly Salaries | Effective Hourly Rates |
|-------------------------|----------------------|------------------------|
| Aug. 04 – Sept. 15, 2017 | $1,400.00           | $9.23                  |
| Sept. 15 – Oct. 15, 2017 | $1,450.00           | $9.56                  |

50. At all relevant times, Defendants paid Plaintiff Monge Ramirez in cash.

51. Plaintiff Monge Ramirez worked more than 40 hours per workweek for Defendants.

52. Defendants paid Plaintiff Monge Ramirez the same effective hourly rate across all hours worked.

53. Defendants did not pay Plaintiff Monge Ramirez overtime wages — or one and one-half times Plaintiff Monge Ramirez's regular hourly rate for hours worked in excess of 40 in a workweek.

54. In addition to not paying overtime wages, Defendants did not pay Plaintiff Monge Ramirez the D.C. minimum wage.

55. Finally, Defendants did not pay Plaintiff Monge Ramirez anything for his 11.5 hours of work on Monday, October 16, 2017.

56.     Defendants owe Plaintiff Monge Ramirez approximately $4,631.85 in regular, minimum, and overtime wages (excluding liquidated damages).

## Plaintiff Alvarengas Urvina

57.     Plaintiff Alvarengas Urvina worked at Shanghai Tokyo Cafe from approximately August 5, 2017 through approximately October 16, 2017.

58.     Plaintiff Alvarengas Urvina typically and customarily worked 6 days per week.

59.     Plaintiff Alvarengas Urvina typically and customarily worked 70 hours per week.

60.     Plaintiff Alvarengas Urvina typically and customarily worked the following schedule:

|           | **Start Time** | **End Time** | **Hours Worked** |
|-----------|----------------|--------------|------------------|
| Sunday    | 11:00 AM       | 10:30 PM     | 11.5             |
| Monday    | 11:00 AM       | 10:30 PM     | 11.5             |
| Tuesday   | Off            |              |                  |
| Wednesday | 11:00 AM       | 10:30 PM     | 11.5             |
| Thursday  | 11:00 AM       | 10:30 PM     | 11.5             |
| Friday    | 11:00 AM       | 11:00 PM     | 12.0             |
| Saturday  | 11:00 AM       | 11:00 PM     | 12.0             |
|           |                |              | **Total: 70 Hours** |

61.     At all relevant times, Defendants paid Plaintiff Alvarengas Urvina a semimonthly salary.

62.     Defendants paid Plaintiff Alvarengas Urvina the following semimonthly salaries:

| **Approximate Dates**      | **Semimonthly Salaries** | **Effective Hourly Rates** |
|----------------------------|--------------------------|----------------------------|
| Aug. 04 – Sept. 15, 2017   | $1,225.00                | $8.08                      |
| Sept. 15 – Oct. 15, 2017   | $1,250.00                | $8.24                      |

63.     At all relevant times, Defendants paid Plaintiff Alvarengas Urvina in cash.

64.     Plaintiff Alvarengas Urvina worked more than 40 hours per workweek for Defendants.

65.     Defendants paid Plaintiff Alvarengas Urvina the same effective hourly rate across all hours worked.

66. Defendants did not pay Plaintiff Alvarengas Urvina overtime wages — or one and one-half times Plaintiff Alvarengas Urvina's regular hourly rate for hours worked in excess of 40 in a workweek.

67. In addition to not paying overtime wages, Defendants did not pay Plaintiff Alvarengas Urvina the D.C. minimum wage.

68. Finally, Defendants did not pay Plaintiff Alvarengas Urvina anything for his 11.5 hours of work on Monday, October 16, 2017.

69. Defendants owe Plaintiff Alvarengas Urvina approximately $5,589.46 in regular, minimum, and overtime wages (excluding liquidated damages).

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

70. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

71. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

72. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

73. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

74. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

75. Defendants' violations of the FLSA were willful.

76. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **COUNT II**
## **FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

77. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

78. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

79. The DCMWA required that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

80. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

81. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

82. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

83. Defendants' violations of the DCMWA were willful.

84. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

85.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

86.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

87.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

88.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

89.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

90.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs for all hours worked.

91.     Defendants' violations of the DCWPCL were willful.

92.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$155,188.16**, and grant the following relief:

   a.     Award Plaintiffs $148,200.16, consisting of the following overlapping elements:

    i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.    Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $6,588.00);

d.    Award Plaintiffs court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: November 10, 2017

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*